UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis RODRIGUEZ and Jennifer West, Defendants-Appellants.

Nos. 84–1116, 84–1117.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1984.

Decided May 23, 1985.

Sandra Teters, Asst. U.S. Atty., Office of U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Kathryn E. Ma, Robert A. Van Nest, Keker & Brockett and Roger S. Ruffin,

Gary Roberts, Ruffin & Rotwein, San Francisco, Cal., for defendants-appellants.

Before WALLACE, HUG, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

Dennis Rodriguez and Jennifer West appeal their convictions, after a jury trial, of possession of counterfeit bills with intent to defraud in violation of 18 U.S.C. § 472. They were both arrested in a motel room in which counterfeit bills and evidence of an ongoing counterfeiting operation were found. The principal issue in this appeal is whether the evidence was sufficient to convict each of them of the crime of possession with intent to defraud.

We affirm the conviction of West because the evidence was sufficient for the jury to find that she exercised actual dominion and control over the contents of the room. We reverse as to Rodriguez because the evidence showed no more than his presence in the room.

The police discovered the defendants and the incriminating evidence while investigating a robbery that occurred in the motel room next door. The police knocked on the door of the room where these defendants were present to ascertain information. West opened the door and, according to police testimony, consented to the police entry. The police entered and observed a room littered with coffee grounds, coffee filters, a package of dye, a green stained plastic glove, and a stained dishrag. The police also observed Rodriguez, casually attired, lying on the bed.

During the course of a conversation with the police officers regarding noises heard next door, West moved various items in the room from one place to another in activity which one police officer described as "trying to cover up" coffee grounds and gloves. She also tried to hide a paper bag later found to contain eighty-seven counterfeit twenty-dollar bills. After doing this straightening, West turned to use the bathroom; one of the police officers followed her to the door and testified that from the doorway the officer saw two bowls of greenish-brown liquid in the bathtub and a green-stained towel. The officer also observed partially dyed twenty-dollar bills on the bathroom counter, apparently laid out to dry. Expert evidence during trial showed that coffee is used in counterfeiting to "age" bills.

It is not disputed that the room was being used for counterfeiting purposes. What is disputed is whether there was evidence sufficient to show that both these defendants knowingly possessed the bills in the room with fraudulent intent.

To support a conviction for possession of counterfeit currency with intent to defraud under 18 U.S.C. § 472, the government must prove three elements: (1) possession of counterfeit money; (2) knowledge, at the time of possession, that the money is counterfeit; and (3) possession with intent to defraud. *United States v. McCall*, 592 F.2d 1066, 1068 (9th Cir.) (per curiam), *cert. denied*, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 665 (1979).

The parties cite no directly controlling authority regarding the sufficiency of evidence necessary for a jury to convict of possession of counterfeit money with intent to defraud in these circumstances in which two individuals are present in a room, but neither has personal possession of the contraband. The government correctly points out that if the jury could properly infer that the defendants had possession of the contraband, then the jury could appropriately infer that it was with intent to defraud. This is because of the obvious ongoing nature of the counterfeiting activity in the room.

The question, therefore, is whether sufficient evidence demonstrates that the defendants constructively possessed the contraband. Decisions of this circuit on that issue provide guidance for our decision in this case.

In order to prove constructive possession of property, the government must demonstrate that the defendant both knows of the presence of the contraband and has power to exercise dominion and control over it. *Williams v. United States,* 418 F.2d 159, 162 (9th Cir.1969), *aff'd,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). If the defendant has exclusive control over the premises where contraband is found, then knowledge and control may be inferred. *See Arellanes v. United States,* 302 F.2d 603, 606 (9th Cir.), *cert. denied,* 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); *accord United States v. Staten,* 581 F.2d 878, 884 (D.C.Cir.1978). A more difficult situation for the government exists when the premises are shared by more than one person. Mere proximity to contraband, presence on property where it is found, and association with a person or persons having control of it are all insufficient to establish constructive possession. *See United States v. Valenzuela,* 596 F.2d 824, 830–31 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979); *Williams,* 418 F.2d 159, 162–63; *Delgado v. United States,* 327 F.2d 641, 642 (9th Cir.1964).

In *Delgado,* contraband was found in the drawer of a nightstand in a bedroom shared by the defendants, Delgado and Rodriguez. We held such proof insufficient to show that either one of the defendants had possession of the contraband. We said:

It is fundamental to our system of criminal law that guilt is individual.... [H]ere it is pure speculation as to whether Rodriguez alone, or Delgado alone, or both of them, had possession. No doubt one of them did; perhaps both did. But proof that does not give a rational basis for resolving the doubts necessarily present in the situation ... is not sufficient.

*Id.* at 642.

In *Valenzuela,* we reversed the conviction of the defendant who was linked to the contraband only by the fact that she lived with her husband and children in the house where the heroin was found and that she attempted to block the police from entering the house when they came to execute the search warrant. 596 F.2d at 830–31. We held that the government had failed to prove any connection between her and the drug transaction:

Proof of exclusive control or dominion over property on which contraband narcotics are found is a strong circumstance tending to prove knowledge of the presence of such narcotics and [the] control thereof [requisite to a finding of possession].... On the other hand, mere proximity to the drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession.

*Id.* at 830–31 (quoting *Arellanes,* 302 F.2d at 606 (footnotes omitted)).

Applying these principles to the facts of this case, we must conclude that the proof is insufficient to support the conviction of Rodriguez. His only demonstrated connection with the contraband was his presence in the room. There is no showing that Rodriguez had rented the room or that anything in the room belonged to him; no other evidence was presented from which it could be inferred that he was in any way connected to the contraband other than his ability to observe it. The government failed to prove possession.

The evidence with respect to defendant West, on the other hand, shows more. She did exercise actual dominion and control over the counterfeiting materials by taking steps which a witness characterized as "covering up." The evidence as to her was sufficient.

The only other contention that we must address is West's contention that she did not consent to the police officers' warrantless entry into the room and that the evidence which resulted was inadmissible. The district court concluded that she did consent, and this is essentially a factual determination. *See United States v.*

*McConney,* 728 F.2d 1195, 1203 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We cannot say that it was clearly erroneous. *United States v. Fleishman,* 684 F.2d 1329, 1334 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982); *United States v. Brandon,* 633 F.2d 773, 776 (9th Cir.1980).

The judgment as to Rodriguez is reversed. The judgment as to West is affirmed.