956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael CHRISTMAN, Defendant-Appellant.
 No. 90-30460.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 6, 1992.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-90-00050-01-JL; Justin L. Quackenbush & Edward Rafeedie, District Judges, Presiding.
 
 
 2
 E.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and FONG,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Christman appeals his conviction and sentence under 21 U.S.C. § 841(a)(1) for possession of cocaine with intent to distribute and under 18 U.S.C. § 924(c) for use of a firearm in connection with a drug trafficking crime. We affirm.
 
 
 7
 * In our opinion, sufficient evidence supported that Christman possessed the cocaine in the house. To prove constructive possession, the government must show "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). A name on the container in which the drugs are found can be enough to establish constructive possession. E.g. United States v. Valenzuela, 596 F.2d 824 (9th Cir.1979). Possession can also be established when the defendant acts to conceal drugs. See United States v. Rodriguez, 761 F.2d 1339 (9th Cir.1985) (where two people are present the one making an effort to conceal the contraband had possession).
 
 
 8
 Cocaine was found in several locations, including two boxes marked with Christman's name. Police found large amounts of cash, a scale and other drug paraphernalia. Christman responded to the police's announced entry by pointing a nine millimeter semi-automatic pistol at an officer's head. A reasonable jury could well infer that he possessed the drugs.
 
 II
 
 9
 Christman contends that the title to his vehicle should not have been admitted as evidence of his address. We agree with the district court that the title falls within the public records exception to the hearsay rule. Fed.R.Evid. 803(A)(8).
 
 III
 
 10
 We also find no error in Christman's conviction for using a firearm in connection with a drug trafficking offense in violation 18 U.S.C. § 924(c). He concedes that he aimed a gun at the officer's head in a house where drugs and contraband were found. It is apparent that he confronted police to protect his drugs and contraband. United States v. Castillo, 866 F.2d 1071 (9th Cir.1988).
 
 IV
 
 11
 Nor do we find any error in the court's refusal to award a two point reduction for acceptance of responsibility. The court determined that Christman had understated his role in the offense, showed no remorse, and was distributing on a much wider scale than he admitted.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Harold M. Fong, United States District Court for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3