956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey JEFFERSON, a/k/a "Fly", Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James B. SUTTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Will SMITH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank MOORE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant Terrell VALENTINE, a/k/a "Victor Valentine and a/k/a
Taco", Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky HAZELLETTE, a/k/a Randy Hunt, a/k/a "Big Fred",
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent MACK, Defendant-Appellant.
 Nos. 90-30143, 90-30145, 90-30154, 90-30155, 90-30166,
90-30167, 90-30235 and 91-30117.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1991.
Decided Feb. 27, 1992.
As Amended on Denial or Rehearing
Aug. 19, 1992.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Hazellette, Jefferson, Johnson, Mack, Moore, Smith, Sutton, and Valentine (defendants) appeal from their convictions for drug-related crimes: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (count one); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (counts two, six, and twelve); distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (counts seven and eleven); distribution of more than five grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (counts four, five, eight, nine, and ten); and possession of a firearm in violation of 18 U.S.C. § 924(c) (counts three, thirteen, and fourteen).
 
 
 2
 They argue that the district court erred by admitting evidence obtained from a protective sweep, evidence of gang membership, and testimony of certain co-conspirators. They also contend that the district court abused its discretion by refusing to admit evidence concerning the results of an informant's intelligence test. They further challenge the sufficiency of the evidence for the convictions, the sufficiency of the affidavit supporting a search warrant, and the consistency of the convictions. Jefferson, Moore, Smith, Sutton, and Valentine contend that the district court erred by sentencing them for amounts of cocaine and weapons involved in substantive counts for which they were not convicted. Johnson argues that the district court erred by imposing consecutive sentences for multiple convictions under 18 U.S.C. § 924(c).
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely petition pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and vacate in part.
 
 
 4
 * We first address charges of the improper admission of evidence.
 
 A.
 
 5
 Jefferson, Johnson, Mack, Moore, Smith, Sutton, and Valentine argue that the protective sweep violated the fourth amendment, and evidence gained from it should not have been admitted at trial. Once law enforcement officials have legally entered a residence, they may make a limited search, or protective sweep, of spaces nearby from which an attack may be launched. See United States v. Flippin, 924 F.2d 163, 165 (9th Cir.1991). However, such a sweep is proper only if there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." Maryland v. Buie, 110 S.Ct. 1093, 1098 (1990).
 
 
 6
 The district court correctly found that the protective sweep was proper. Ringer and Perricone went to the Orchard Street residence on legitimate police business. They entered with the consent of one of the occupants. Once inside, the officials saw men wearing the indicia of violent gang members and heard noises from other parts of the apartment. The occupants said no one else was present in the apartment, and when another emerged the officials knew they were lying. These facts constitute reasonable and articulable grounds justifying a protective sweep. Because the officials had not yet completed their duties before performing the sweep, it was properly performed in furtherance of a legitimate government purpose. Therefore, we hold that the sweep was legal, and we reject defendants' contention that the district court abused its discretion by admitting evidence obtained as a result of the sweep.
 
 B.
 
 7
 The defendants contend that the district court erred by admitting gang evidence. They argue that the quality of evidence was excessively prejudicial and the quantity confused the issues and mislead the jury, both in violation of Federal Rule of Evidence 403.
 
 
 8
 We have upheld the admission of evidence of preconspiracy joint activities by defendants. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987). Evidence of prior association of defendants charged with conspiracy is relevant to proving that they committed conspiracy. Id.
 
 
 9
 We hold that the district court did not abuse its discretion by admitting background evidence concerning metropolitan Los Angeles street gangs. The government presented evidence that the defendants were members of the "Blood" gang. It also presented evidence concerning the gang's metropolitan Los Angeles origin, history, hand signals, characteristic clothing, activities, and members' monickers. All of this evidence is relevant to the conspiracy charge by showing the strength of prior and current association. Although some of the evidence was undoubtedly prejudicial, it does not appear that this outweighed its probative value.
 
 
 10
 The defendants also argue that the evidence of gang membership was so extensive that it confused the issues and mislead the jury into believing that gangs were on trial. They contend they were convicted for being members of a gang, in violation of their right to association. However, the evidence concerning gangs was merely a fraction of the evidence advanced to support the conspiracy charge. Although the prosecution presented substantial evidence of gang membership, it appears that the resulting danger of confusion and violation of associational rights did not outweigh the probative value of the gang evidence. Therefore, the district court did not abuse its discretion.
 
 C.
 
 11
 Moore contends that the district court abused its discretion by refusing to allow into evidence testimony and records concerning high school IQ tests of informant Hammond. The court reasoned that the records and testimony concerned Hammond's mental abilities ten years before, and were therefore too remote. We hold that the district court did not abuse its discretion.
 
 D.
 
 12
 Hazellette argues that certain out-of-court statements of co-conspirators were erroneously admitted into evidence without the government having first established independently his knowledge of the alleged conspiracy and participation in it. However, Hazellette failed to object to these statements at trial, and we must therefore review the district court decision for plain error. See United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.), cert. denied, 110 S.Ct. 416 (1989).
 
 
 13
 The government must show by a preponderance of the evidence that a defendant had knowledge of the conspiracy and participated in it before out-of-court statements by co-conspirators can be introduced into evidence. United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988). Hazellette associated with some of the conspirators, went to a location where cocaine was sold, and shared two apartments where cocaine and weapons were found. We hold that the district court did not commit plain error by admitting the out-of-court statements of co-conspirators.
 
 II
 
 14
 Hazellette contends that the affidavit supporting the search warrant for his residence was insufficient. The validity of a search warrant depends on the sufficiency of the underlying affidavit. United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1978). Where the affidavit contains intentionally or recklessly false statements, the affidavit must be purged of its falsities and still be sufficient to support a finding of probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978).
 
 
 15
 Hazellette argues that the affidavit underlying the search warrant for his apartment contained recklessly false statements that he participated in numerous sales of narcotics. An indictment appended to the affidavit alleged that Hazellette twice distributed cocaine. However, the magistrate crossed out these allegations. The affidavit contains other statements that would give the magistrate a substantial basis for concluding the affidavit established probable cause. The affidavit stated that Hazellette was closely associated with known drug dealers and was seen at a residence where cocaine was sold. It also stated that he lived at the apartment to be searched and that drug dealers often maintain at their residences weapons, drugs, and records containing the identities of their drug suppliers and purchasers. The affidavit was sufficient.
 
 III
 
 16
 The defendants contend that their convictions on various counts are not supported by sufficient evidence. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 A.
 
 17
 Hazellette, Jefferson, Johnson, Moore, Smith, Sutton, and Valentine all assert that their convictions for conspiracy to distribute cocaine (count one) are not supported by sufficient evidence. The essential elements of a conspiracy are: (1) an agreement to accomplish an illegal objective, (2) coupled with one or more overt acts in furtherance of it, and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Thomas, 887 F.2d 1341, 1347 (9th Cir.1989).
 
 
 18
 We hold that sufficient evidence supports the convictions of Jefferson, Johnson, Moore, Smith, Sutton, and Valentine. They associated with one another and four were members of the same gang. Each of them either personally sold cocaine or prepared it for sale, often at the same address. Generally these activities took place in each other's presence, in various combinations. Viewing this evidence in the light most favorable to the government, a rational trier of fact could find Jefferson, Johnson, Moore, Smith, Sutton, and Valentine guilty of conspiracy beyond a reasonable doubt.
 
 
 19
 The evidence supporting Hazellette's conviction for conspiracy is not nearly as substantial. He shared an address and sometimes the company of his co-defendants. However, the evidence showing that he was a member of the conspiracy is insufficient.
 
 
 20
 The government argues that the presence of firearms and cocaine in Hazellette's apartment amply demonstrates that he possessed these items in furtherance of the conspiracy. A person may possess a controlled substance without holding it on his person. United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). Constructive possession may be demonstrated by direct or circumstantial evidence that the defendant exercised dominion and control over the substance. Id. However, mere proximity to the substance where premises are shared with another is insufficient to allow a finding of constructive possession. United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). More evidence is required.
 
 
 21
 The search of Hazellette's apartment produced a vial of cocaine and four firearms. However, law enforcement officials also found that Hazellette was sharing a room in the apartment with a woman. Although the vial of cocaine was on a dresser next to his checkbook and other male items, neither the vial nor firearms carried his fingerprints. This evidence is insufficient to prove that he alone possessed any of these items. Therefore, Hazellette's convictions on counts twelve and thirteen are vacated.
 
 
 22
 There is no evidence that Hazellette participated in any other substantive offense or was even present when any occurred. Hazellette's proximity to women carrying large amounts of money connected to the conspiracy is similarly insufficient to show that he constructively possessed the cash. In addition, the evidence that Hazellette associated with some of the conspirators, was present at locations where cocaine was sold at other times, and shared an apartment where cocaine and weapons were found are insufficient to connect Hazellette with the conspiracy is insufficient, see United States v. Penagos, 823 F.2d 346, 348 (9th Cir. 1987), and his conviction on count one is reversed. Hazellette's substantive convictions that rested solely on his alleged participation in the conspiracy, counts five, six, seven, eight, nine, ten, eleven, and fourteen, are also reversed.
 
 B.
 
 23
 All of the defendants appeal their substantive convictions on various counts. Jefferson, Johnson, Moore, and Sutton contend that their conviction on count six for possession with intent to distribute cocaine is supported by insufficient evidence. This conviction is predicated on a bag of cocaine that law enforcement officials found behind the fence of a house being searched.
 
 
 24
 The government's evidentiary burden for count six is unsatisfied. The basis for the count is the bag of cocaine seized by law enforcement officials while executing a search warrant. The bag was found on the far side of a fence over which certain identified individuals had fled. The only connection Moore and Sutton have to the bag is that an informant purchased cocaine from them at the residence earlier in the day the bag was found. The only connection Johnson has to the bag is that law enforcement officials found him inside the residence just after they found the bag behind the fence. No evidence was presented that Jefferson was at the residence. Other unidentified individuals were present just before law enforcement officials found the bag. Under these circumstances, the fact that Johnson, Moore, and Sutton were in the vicinity where the bag of cocaine was found is insufficient to support a finding of constructive possession. The fact that Jefferson associated with them offers even less support. Because the evidence is insufficient, Jefferson, Johnson, Moore, and Sutton's convictions on count six are reversed.
 
 
 25
 Jefferson, Johnson, Mack, Moore, Smith, Sutton, and Valentine all appeal their convictions for cocaine possession or distribution and weapon possession on counts two through five, nine through eleven, and fourteen. Each participated directly in the offenses underlying only some of the counts on which they were convicted. The remaining offenses were committed by their co-conspirators, sometimes in their absence.
 
 
 26
 Once a conspirator has been found to have (1) committed the substantive offense (2) in furtherance of the conspiracy, other conspirators may be held responsible for it even if they did not directly participate in it. United States v. Vazquez, 858 F.2d 1387, 1393 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989). As set out in part III.A., sufficient evidence supports the finding that Jefferson, Johnson, Mack, Moore, Smith, Sutton, and Valentine were co-conspirators. For counts two through five, nine through eleven, and fourteen, sufficient evidence also supports the findings that one of the co-conspirators directly participated in the underlying offense, and did so in furtherance of the conspiracy. Therefore, their individual convictions on these counts are supported by sufficient evidence.
 
 
 27
 Sufficient evidence also supports Jefferson, Johnson, Moore, and Valentine's convictions on count eight. This count is based on Hammond's purchase of cocaine from Tyrone Kelley. The two performed this transaction in the presence of Johnson and Moore. A rational jury could have found that Kelley was an unindicted co-conspirator and sold the cocaine in furtherance of the conspiracy. Therefore, as co-conspirators, Jefferson, Johnson, Moore, and Valentine may be held responsible for the substantive offense.
 
 
 28
 Jefferson, Johnson, and Moore also argue that their convictions on count seven is supported by insufficient evidence. This count alleges that Brady James distributed cocaine in furtherance of the conspiracy. However, James's only involvement in distributing cocaine is that he was present when Hammond bought cocaine from Tyrone. This evidence is insufficient to show that James distributed cocaine in that instance. Because he cannot be held responsible for the transaction, neither can Jefferson, Johnson, or Moore. Their convictions on count seven are therefore reversed.
 
 
 29
 Johnson and Smith argue that their convictions on counts twelve and thirteen are supported by insufficient evidence. Those counts were based on cocaine and firearms found in Hazellette's apartment. We have reversed Hazellette's conspiracy conviction. See Part III.A. No evidence connects Johnson, Smith, or any other conspirator to the cocaine and weapons. Therefore, Johnson and Smith's convictions on counts twelve and thirteen are reversed.
 
 
 30
 Jefferson, Johnson, Moore, Smith, Sutton, and Valentine argue that they cannot be convicted of crimes for which other conspirators were acquitted. They argue that such inconsistent verdicts show there is insufficient evidence to convict them on these counts. But " 'inconsistent verdicts may stand, even when a conviction is rationally incompatible with an acquittal, provided there is sufficient evidence to support the guilty verdict.' " United States v. Merriweather, 777 F.2d 503, 507 (9th Cir.1985), cert. denied, 475 U.S. 1098 (1986), quoting United States v. Birges, 723 F.2d 666, 673 (9th Cir.), cert. denied, 466 U.S. 943 (1984). Therefore, the substantive convictions are valid.
 
 IV
 
 31
 Jefferson, Smith, Sutton, and Valentine argue that the district court erred in calculating their sentences. We review the legality of their sentences de novo. See United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988).
 
 A.
 
 32
 Jefferson, Smith, Sutton, and Valentine contend that the district court erred by sentencing them for amounts of cocaine and weapons involved in substantive counts for which they were not convicted. Because a conspirator is responsible for acts his co-conspirators commit in furtherance of the conspiracy, his sentence can properly reflect the quantity of substances deemed to be part of the conspiracy. United States v. Aichele, 941 F.2d 761 (9th Cir.1991). The Sentencing Guidelines specify that a defendant may be sentenced for "relevant conduct." United States Sentencing Commission, Guidelines Manual, § 1B1.3 (Nov. 1989). Where the defendant's criminal activity was undertaken in concert with others, relevant conduct includes the conduct of the others if it was (1) done within the scope of the jointly undertaken criminal activity, and (2) "reasonably foreseeable" by the defendant. See id. § 1B1.3, comment. (n. 1).
 
 
 33
 The district court did not err in sentencing Jefferson, Smith, Sutton, and Valentine for amounts of cocaine and weapons involved in substantive offenses for which they were not convicted. Possession of cocaine with intent to distribute and possession of weapons were within the scope of the conspiracy of which they were members. In addition, it was reasonably foreseeable that their co-conspirators would have engaged in such conduct. Therefore, the district court did not err in considering the cocaine and weapons in Jefferson, Sutton, Smith, and Valentine's sentencing.
 
 
 34
 Smith argues in addition that he cannot be sentenced based on amounts of drugs distributed before he joined the conspiracy. The Sentencing Guidelines, however, contemplate sentencing based on the quantity of drugs involved in the whole conspiracy, both before and after a defendant joins. Id. § 1B1.3 comment. (illustration e) (indicating drug conspirators will be liable for a shipment made before they joined the conspiracy that was in the scope of and reasonably foreseeable in connection with the conspiracy).
 
 B.
 
 35
 Johnson argues that the district court erred by imposing consecutive sentences for multiple convictions under 18 U.S.C. § 924(c) on counts three and fourteen. We require each section 924(c) count to be based on a separate predicate offense. United States v. Smith, 924 F.2d 889, 894 (9th Cir.1991).
 
 
 36
 The two section 924(c) counts were each based on different firearms. However, both counts were predicated on the same offense: conspiracy to distribute cocaine. Because each section 924(c) count must be supported by a separate predicate offense, id., Johnson can be convicted of only one of them. Therefore, we vacate Johnson's conviction on count fourteen.
 
 V
 In summary, we hold as follows:
 
 37
 Hazellette: reversed as to all counts.
 
 
 38
 Jefferson: affirmed as to counts one, two, three, four, five, and eight; reversed as to counts six and seven.
 
 
 39
 Johnson: affirmed as to counts one, two, three, four, five, eight, nine, ten, and eleven; reversed as to counts six, seven, twelve, and thirteen; vacated as to count fourteen.
 
 
 40
 Mack: affirmed as to count two.
 
 
 41
 Moore: affirmed as to counts one, five, eight, nine, and ten; reversed as to counts six and seven.
 
 
 42
 Smith: affirmed as to counts one, nine, ten, eleven, and fourteen; reversed as to counts twelve and thirteen.
 
 
 43
 Sutton: affirmed as to counts one and five; reversed as to count six.
 
 
 44
 Valentine: affirmed as to counts one, four, eight, and nine.
 
 
 45
 AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART.