38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Gallardo VELASCO, aka: Salvador Gallardo Valasco;
aka: Salvador Gallardo-Velasco, Defendant-Appellant.
 No. 89-50514.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Salvador Gallardo Velasco appeals his conviction, which followed a jury trial, for possessing counterfeit government obligations in violation of 18 U.S.C. Sec. 472. Velasco claims, first, that the evidence was insufficient to show his intent to defraud and, second, that the district court abused its discretion by allowing a sheriff's deputy to testify that he found a handgun in Velasco's car when he stopped him for a traffic infraction. We have jurisdiction under 28 U.S.C. Sec. 1291 and we reverse.
 
 A. Sufficiency
 
 3
 Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mullins, 992 F.2d 1472, 1477 (9th Cir.), cert. denied, 113 S.Ct. 2997 (1993) (quotation omitted). "[C]ircumstantial evidence and inferences drawn from it may ... sustain a conviction." United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 4
 To sustain a conviction for possession of counterfeit money, the government must show that the defendant knew the money was counterfeit and possessed it with intent to commit fraud. United States v. Rodriguez, 761 F.2d 1339, 1340 (9th Cir.1985). A jury may infer knowledge and intent to defraud from evidence that the defendant segregated counterfeit bills from legitimate currency. United States v. McCall, 592 F.2d 1066, 1068 (9th Cir.), cert. denied, 441 U.S. 936 (1979).
 
 
 5
 Here, sheriff's deputies Helfrick and Reuben stopped Velasco because his license plates were tipped. As they approached Velasco's car, the officers noticed a handgun on the seat next to him. They ordered him out of the car, retrieved the gun and arrested him.
 
 
 6
 When Helfrick asked his name, Velasco gave what later proved to be an alias. A pat down search revealed 23 $20 bills in his shirt pocket, which Reuben immediately recognized as counterfeit. Their discovery made Velasco very nervous. Later, when Velasco was booked, police found another $10.67 in genuine money in his wallet and pants pockets.
 
 
 7
 We conclude that these facts, taken together, were sufficient to support a reasonable juror's conclusion that Velasco possessed the phony money with the intent to defraud. See Reyes-Alvarado, 963 F.2d at 1188; Rodriguez, 761 F.2d at 1340. We reverse nonetheless because the district court admitted irrelevant evidence without which we cannot say that Velasco would more probably than not have been convicted.
 
 B. Evidence
 
 8
 "Where ... evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992). "Testimony concerning dangerous weapons found in the possession of a 'person charged with a crime, no part of which depends upon the use or ownership of the weapon[s], has consistently been regarded as prejudicial error.' " United States v. Green, 648 F.2d 587, 595 (9th Cir.1981) (per curiam) (quoting United States v. Reid, 410 F.2d 1223, 1226-27 (7th Cir.1969)).
 
 
 9
 Here, the district court allowed Helfrick to testify that he saw a handgun in Velasco's car even though Velasco offered to stipulate that there was probable cause to stop and search him. Helfrick testified further that the gun was a loaded blue steel 38 caliber colt revolver. The government argues this evidence was necessary to assure the jury that it was reasonable for Helfrick and Reuben to search Velasco. We disagree.
 
 
 10
 Evidence of Velasco's possession of the gun was prejudicial, Green, 648 F.2d at 595, and it "fail[ed] to make any fact of consequence more or less probable," McKinney v. Rees, 993 F.2d 1378, 1380 (9th Cir.1993). Its admission was error, Hitt, 981 F.2d at 424, which we cannot say was "more probabl[y] than not" harmless, id. at 425. "To convict, the jury had to draw an inference from circumstantial evidence; this delicate judgment might well have been thrown off by its knowledge" that Velasco possessed a gun. United States v. Breitkreutz, 8 F.3d 688, 692 (9th Cir.1993).
 
 
 11
 REVERSED and REMANDED for a new trial.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3