46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Ballesteros CRUZ, Defendant-Appellant.
 No. 94-10086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided Jan. 6, 1995.
 
 Before: HUG, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sergio Ballesteros Cruz challenges his conviction for possession of cocaine and conspiracy to possess cocaine with intent to distribute on the ground that insufficient evidence existed to support a finding of possession or conspiracy. Cruz also alleges that the district court erred in denying his motion to depose his father, a fugitive witness, in a foreign country. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and reverse in part.
 
 I.
 
 3
 Cruz contends that insufficient evidence existed to support a finding that he constructively possessed the 18 bags of cocaine found in his bedroom on July 29, 1992. We review the sufficiency of the evidence to determine " 'whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. The test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict.' " United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (citation omitted).
 
 
 4
 We conclude that sufficient evidence existed to support Cruz's conviction for cocaine possession. Because Cruz was not present when the cocaine was discovered, the Government needed to establish that Cruz constructively possessed the cocaine. The Government must prove constructive possession by demonstrating: 1) that Cruz knew of the presence of the cocaine, and 2) that he had the power to exercise dominion and control over it. See United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985). Possession may be proved with circumstantial evidence. United States v. Ocampo, 937 F.2d 485, 489 (9th Cir.1991).
 
 
 5
 Viewing the evidence in the light most favorable to the Government, the Government established that Cruz knew of the cocaine's presence and that he exercised dominion and control over it. At trial, the Government showed that the bedroom in which the 18 individually-wrapped bags of cocaine were found was Cruz's bedroom; that other items likely belonging to Cruz were found in the bedroom, including envelopes addressed to him and men's clothing; that although Cruz had not slept in the home the night before the search, he had been there the day of the search to visit his sister's children; and that when arrested later, Cruz gave the house address as his own. The jury had ample circumstantial evidence before it to support a finding of constructive possession.
 
 II.
 
 6
 We conclude, however, that insufficient evidence existed to support Cruz's conviction for conspiracy to possess cocaine with intent to distribute. To prove conspiracy under 18 U.S.C. Sec. 846, the Government must establish an agreement to engage in criminal conduct. United States v. Shabani, 115 S.Ct. 382, 385 (1994). "Once the existence of a conspiracy is shown, the government need only prove a slight connection between the defendant and the conspiracy." United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994).
 
 
 7
 Although an agreement may be implied from the facts and circumstances of the case, see United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989), the Government did not succeed in establishing beyond a reasonable doubt that a conspiracy existed in this case. The 18 small bags of cocaine found in Cruz's bedroom provide a possible inference that he was engaged in distributing drugs. However, this is not the offense with which he was charged. He was charged with conspiracy to possess and distribute cocaine; this requires an agreement with another person to commit the crime. See United States v. Lennick, 18 F.3d 814, 819 (9th Cir.1994) (conspiracy requires proof of an agreement to commit a crime).
 
 
 8
 The only evidence of such an agreement with his father and mother was the circumstantial evidence of a large sum of cash found in the house and an "old rusty scale" (containing no drug residue) identified by Cruz's sister as belonging to their father. The cash was found in the bedroom of the father and mother and in the bedroom of the grandmother.
 
 
 9
 Any possible inference of an agreement that can be drawn from this circumstantial evidence is too tenuous to support a finding of guilt beyond a reasonable doubt. Just as a verdict of acquittal was directed for the mother, Martha Cruz, on the conspiracy count because of insufficiency of evidence, a reversal for insufficiency of the evidence is required for Cruz's conviction on this count. Therefore, we reverse Cruz's conviction for conspiracy to possess cocaine with intent to distribute.
 
 III.
 
 10
 Cruz also alleges that the district court erred in denying his Fed.R.Crim.P. 15(a) motion to depose his father, Sergio Burruel Cruz, a fugitive hiding out in Mexico. We do not agree.
 
 
 11
 We review a denial of a motion to depose a witness under Rule 15(a) for abuse of discretion. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1569 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990). Rule 15(a) provides in relevant part:
 
 
 12
 Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may ... order that testimony of such witness be taken by deposition....
 
 
 13
 Fed.R.Crim.P. 15(a).
 
 
 14
 Cruz contends that his father's testimony contained crucial exculpatory information essential to his defense. His offer of proof of his father's expected testimony was an affidavit submitted by an investigator which stated that the investigator personally spoke with Cruz's father and that he informed the investigator that the cocaine, handgun, and currency seized by the agents belong to him, and not to his son, and that he will not enter the United States under any circumstances but he would agree to be deposed in Mexico, under oath, as to ownership of the above items.
 
 
 15
 We conclude that the district court did not abuse its discretion in denying Cruz's motion to depose his father. Although we have previously held that the "interest of justice" standard does not completely bar a Rule 15(a) deposition when the potential witness is a fugitive, see Hernandez-Escarsega, 886 F.2d at 1569, we have also stressed that Rule 15(a) was intended only to be used in criminal cases in exceptional circumstances, see id. at 1570. This is not such an exceptional circumstance for the very reasons provided by the district court. First, the motion was untimely, filed in essence on the eve of the trial. As the district court noted, it was not a surprise witness: it was the defendant's father. However, even if the motion were timely, the court still did not abuse its discretion. The district court clearly considered more than just the witness's fugitive status in denying the motion. The court considered the safety of the government attorney who would have to be sent to Mexico to depose the witness, the value of the proffered testimony, and the witness's failure to subject himself to the reach of our laws. Together, these reasons militate against a finding of exceptional circumstances. The district court did not err.
 
 
 16
 We affirm the conviction for possession of cocaine, reverse the conviction for conspiracy, and remand for resentencing.
 
 
 17
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3