**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Nelson CLARK, Defendant—
Appellant.**

No. 01–10054.
D.C. No. CR–99–05435–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2002.

Decided March 18, 2002.

Before REINHARDT, MAGILL,* and FISHER, Circuit Judges.

MEMORANDUM **

Daniel Nelson Clark was convicted of three counts of violating federal firearms statutes for allegedly "possessing" a semiautomatic pistol found outside his apartment building (Count One, 18 U.S.C. § 922(g)(1)), and a sawed-off shotgun Clark is holding in a photograph (Counts

Two and Three).[1] Clark appeals his conviction on several grounds. Because we conclude that the government lacked sufficient evidence to convict Clark on Count One, we reverse his conviction as to that count. Because we conclude that there was sufficient evidence to convict Clark as to Counts Two and Three, and we reject Clark's other grounds for reversible error, we affirm his convictions on those counts.

I. Sufficiency of the Evidence

Constructive possession of a firearm can be proved by showing that "the defendant both knows of the presence of the [firearm] and has power to exercise dominion and control over it." *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir.1985).

A. The Semiautomatic Browning .22 Found Outside the Apartment Building (Count One)

In order to show dominion and control, the prosecution must show more than "mere proximity" to the firearm, or that the firearm was accessible to the defendant. *United States v. Soto*, 779 F.2d 558, 560 (9th Cir.1986). Similarly, we have held that the prosecution has a particularly difficult burden in cases in which the firearm is found in an area to which more than one person has access, or which is shared by more than one person. *Rodriguez*, 761 F.2d at 1341.

In Clark's case, the prosecution's evidence tended to show only Clark's proximity to the gun and his membership in a

---

\* The Honorable Frank Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Count Two charged Clark with a violation of 18 U.S.C. 922(g)(1) for being a felon in possession of a firearm, and Count Three charged Clark with a violation of 26 U.S.C. § 5861(c) for possessing a "short-barreled" shotgun; both counts referred to the shotgun in the photograph.

gang whose members used guns to protect themselves from the rival gang. This evidence is insufficient to show that Clark had *dominion and control* over the weapon found in the common area *outside his apartment building.*[2] The critical evidence only shows proximity to the weapon; however, uncontroverted testimony also showed that many people had access to the area where the gun was found. In particular, Clark's brother shared the apartment with him, and is pictured holding what appears to be the same weapon in a photograph found in the apartment. Furthermore, police records showed numerous calls to the apartment complex for a variety of criminal activities including gun running. The evidence linking Clark to the weapon, such as an empty generic holster found in his closet, was of little probative value. Under these circumstances, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found *beyond a reasonable doubt* that Clark exercised "dominion and control" over the Browning .22 semiautomatic pistol.

B. Sawed Off–Shotgun in Photographs (Counts Two and Three)

■ We conclude that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find, beyond a reasonable doubt, that Clark, a felon, had constructive possession of the weapon he is seen holding in photographs found at his apartment, and that the weapon in the photograph was a "firearm" "designed to fire" within the meaning of the statute. 18 U.S.C. § 921(a)(3). The photographs clearly depict Clark holding a weapon that the government's expert testi-fied was a sawed-off shotgun. Although Clark's attorney raised the possibility that the weapon might be a replica, there was no evidence presented that would create a reasonable doubt as to whether the weapon was real. As the government is not required to show that the weapon was operable, but only that it was designed to fire, and as the government expert offered testimony on the latter point, the evidence presented was sufficient to support the convictions.

## II. Lawfulness of the Initial Entry and the Probation Search

Because of the intervening decision in *United States v. Knights,* 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), Clark did not press the unlawful search issue on appeal.

## III. Constitutionality of the Statute

Clark argues that the Supreme Court's rulings in *United States v. Lopez,* 514 United States 549 (1995), *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), and *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), render his prosecution under § 922(g)(1) unconstitutional as an impermissible exercise of Congress's Commerce Clause powers. The facial challenge raised by Clark has already been squarely rejected by this court. *United States v. Rousseau,* 257 F.3d 925 (9th Cir. 2001). Because the facts in Clark's case are indistinguishable from those in *Rousseau,* the as-applied challenge is foreclosed as well.

---

2. This area, located behind Clark's apartment building, was common to all of the apartments in the building and accessible by unlocked gates. The air conditioning units for all of the apartments in the building were housed there, and although it was not designed as a thoroughfare, it was occasionally used as one. The gun was found in the portion of the area located under Clark's second-floor window.

## IV. The Gang Affiliation Evidence

■ Clark contends that the district court erred by admitting evidence of gang affiliation. We are troubled by but need not decide that question. Given the absence of evidence that the gun was anything other than what it appeared to be in the photograph, and anything other than what the prosecution's gun expert testified that it was, any error in admitting the gang affiliation evidence was insufficiently prejudicial to warrant reversal of the sawed-off shotgun conviction.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.