**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Raymond P. SMITH, Defendant—Appellant.**

No. 06–30363.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007.*

Filed May 14, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ed Zink, Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Mark S. Werner, Esq., Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Raymond Paul Smith appeals his jury conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

The government can prove the possession element of § 922(g)(1) by showing that possession was constructive, *see United States v. Carrasco*, 257 F.3d 1045, 1049 (9th Cir.2001), which means the govern-

** This disposition is not appropriate for publication and is not precedent except as provid-

ment had to show Smith was (1) aware of the gun's presence and (2) that he could "exercise dominion and control over it." *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir.1985). "If the defendant has exclusive control over the premises where contraband is found, then knowledge and control may be inferred." *Id.* Here, the government produced evidence showing that Smith was the only driver and occupant of the vehicle for several hours. *Cf., e.g., United States v. Ruiz*, 462 F.3d 1082 (9th Cir.2006) (weapons found in house that did not belong to defendants and to which others had access). The gun was positioned below the driver's seat in partial view. From this, a rational juror could infer constructive possession. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (holding that challenge to sufficiency of the evidence is resolved by asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

AFFIRMED.