**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10188 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00075-1 |
| v. | |
| NATHANIEL DIAZ PUNZALAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted October 13, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Although certainly not overwhelming, the evidence against Nathaniel Punzalan ("Punzalan") was sufficient to support his jury trial conviction under 18 U.S.C. § 922(g) for being a felon in possession of a firearm. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(en banc). The district court's within-Guidelines sentence, reflecting proper consideration and weighing of the 18 U.S.C. § 3553(a) sentencing factors, was neither procedurally nor substantively unreasonable. We therefore affirm.

To sustain a conviction under § 922(g), the government must prove the defendant's actual or constructive possession of the firearm and not merely his or her presence in its vicinity. *See Nevils*, 598 F.3d at 1167; *United States v. Bernard*, 48 F.3d 427, 430 (9th Cir. 1995); *United States v. Chambers*, 918 F.2d 1455, 1459 (9th Cir. 1990). Constructive possession can be established with circumstantial evidence alone, *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009), and may properly be inferred from a defendant's exclusive control over the premises where contraband is found, *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985). Under these standards, a rational jury could have found Punzalan guilty of violating § 922(g).

Although the district court initially miscalculated the range of potential sentences, it corrected this error and sentenced Punzalan based on the correct Guidelines range given his total offense level and criminal history category. The district court also treated the Guidelines as advisory, allowed Punzalan to present his argument for a reduced sentence, and considered the § 3553(a) factors before imposing an individualized sentence at the high end of the Guidelines range, which

2

it adequately explained. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc). Furthermore, Punzalan fails to carry his burden of persuasion in showing how any alleged procedural error resulted in prejudice affecting his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

Punzalan's sentence was also substantively reasonable, reflecting consideration and weighing of the § 3553(a) factors, including the seriousness of the offense, deterrence, public safety, and Punzalan's rehabilitation, as well as his personal background and criminal history. The district court expressed particular concern for Punzalan's repeated recidivism at such a young age and his need for counseling in a controlled setting. Although not presumptively reasonable, a within-Guidelines sentence "ordinarily needs little explanation," *Carty*, 520 F.3d at 992, and this Court will not substitute its judgment for that of a sentencing judge "'in a superior position to find facts and judge their import under § 3553(a) in the individual case,'" *United States v. Cherer*, 513 F.3d 1150, 1160 (9th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The sentence was also within discretionary bounds and sufficiently individualized.

**AFFIRMED.**