**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30159 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00131-JDS-1 |
| v. | |
| DUSTIN NEAL SAKSA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted July 8, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Dustin Neal Saksa appeals his conviction for possession of an unregistered

sawed-off shotgun in violation of 26 U.S.C. § 5861(d). Following a two-day trial,

a jury found Saksa guilty of the charged offense. Saksa contends that there was

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

insufficient evidence to support his conviction.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  When reviewing if a conviction is supported by sufficient evidence, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  We affirm.

Pursuant to 26 U.S.C. § 5861(d), it is unlawful for any person to receive or possess a "firearm" that is not registered to him under the National Firearms Registration and Transfer Record.  A "firearm" includes, among other things, "a shotgun having a barrel or barrels of less than 18 inches in length," 26 U.S.C. § 5845(a)(1), or a "weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length," *id.* § 5845(a)(2).  In order to obtain a conviction under 26 U.S.C. § 5861(d), the government must prove beyond a reasonable doubt that the defendant knew of the features that made his firearm illegal to possess. *Staples v. United States*, 511 U.S. 600, 619 (1994); *United States v. Summers*, 268 F.3d 683, 687-88 (9th Cir. 2001).  Possession may be established constructively by showing that the defendant both knew of the presence of contraband and had power to exercise dominion and control over it. *United States v. Rodriguez*, 761 F.2d 1339,

1341 (9th Cir. 1985).  Dominion and control may be proven through circumstantial evidence.  *United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011).

The government's evidence was sufficient to support Saksa's conviction.  Saksa confessed to investigators that he received the firearm at issue, which was lawfully recovered from an unfinished ceiling in a room adjacent to Saksa's bedroom.  He also admitted that he and his brother sawed the firearm's barrel while Saksa affixed electrical tape around it.  Saksa's fingerprints were found on the electrical tape removed from the firearm, and Saksa accurately described the firearm to investigators.  This evidence supports the jury's finding that Saksa had knowledge of the firearm and exercised control over it in order to make modifications thereto.  Furthermore, the government introduced evidence indicating that the firearm had a barrel that was 14.5 inches in length and was not registered to Saksa or any other individual.

Although defense witnesses furnished contradictory testimony and Saksa himself offered a different version of the facts to which the government's witnesses testified, credibility determinations, the weighing of the evidence, and the drawing of reasonable inferences from the facts are jury functions.  *See Jackson*, 443 U.S. at 319.  Accordingly, we "must respect the exclusive province of the jury . . . by assuming that [it] resolved all such matters in a manner which supports the

verdict," *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977). Having viewed the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found each element necessary to sustain a conviction under 26 U.S.C. § 5861(d).

**AFFIRMED.**