**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sorkis J. WEBBE, Defendant-Appellant.**

**No. 83–1231.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 1984.

Decided March 19, 1985.

See also 558 F.Supp 55.

Geoffrey A. Anderson, Sp. Atty., Las Vegas Strike Force, Dept. of Justice, Louis M. Fischer, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Albert J. Krieger, Miami, Fla., for defendant-appellant.

Before MERRILL, ALARCON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Sorkis J. Webbe appeals his jury conviction on two counts of making and filing a false income tax return in violation of 26 U.S.C. § 7206(1). Webbe, along with several others, had earlier been acquitted of conspiracy to defraud a union pension fund (*United States v. Linton*, CR–80–24–ECR). Webbe argues that the government was barred by collateral estoppel from trying him on the tax charges, because of his earlier acquittal on the conspiracy charges. Next, Webbe asserts that the district court erred in admitting certain evidence under Fed.R.Evid. 801(d)(2)(E). Finally, he challenges the sufficiency of the evidence supporting his conviction. We affirm.

■ The collateral estoppel doctrine means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). To determine whether collateral estoppel bars a subsequent retrial of issues following an acquittal based on a general verdict, we must ask " 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194 (quoting *Sealfon v. United States*, 332 U.S. 575, 579, 68 S.Ct. 237, 240, 92 L.Ed. 180 (1948)).

In *United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir.1978), we said that

[t]he collateral estoppel analysis involves a three-step process: (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

In *United States v. Dipp*, 581 F.2d 1323, 1325–26 (9th Cir.1978), *cert. denied*, 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979), we applied *Hernandez* to a case in which the defendant had been acquitted of conspiracy on a general verdict. We pointed out that acquittal on a conspiracy charge

need not mean that all elements required to prove a conspiracy were found to be lacking. If several elements were litigated, acquittal can mean that the jury found in favor of the defendant on only one element. A general verdict, however, does not reveal the identity of that element.

■ Here, Webbe asserts that the entire conspiracy charge was re-litigated in order to convict him on the tax charges.

Webbe's interpretation of the collateral estoppel doctrine is overly broad, and we reject it. According to Webbe, the key link in the government's tax case was the existence of a conspiracy between Webbe and Lee Linton to share in the proceeds of "kickback" money. Even if we assume that this issue was "litigated" in the first trial, we cannot say that it was "necessarily decided" there. See *Hernandez*, 572 F.2d at 220. In the conspiracy proceedings, the judge instructed the jury that they could not convict unless they believed that the defendants acted with the intent to defraud the pension fund. Thus the jury could have rationally founded its "not guilty" verdict on an issue other than the existence of an agreement between Webbe and Linton. *See Ashe*, 397 U.S. at 444, 90 S.Ct. at 1194. Webbe's collateral estoppel claim must therefore fail.

Webbe's remaining arguments are unpersuasive. After a thorough review of the record in the tax case, we believe that any possible error in the admission of testimony under Fed.R.Evid. 801(d)(2)(E) was harmless. We can say with "fair assurance" that any such error did not have "substantial influence" over the verdict, *see Kotteakos v. United States*, 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946), because other, non-hearsay evidence amply supported it.

Finally, viewing the evidence in the light most favorable to the prosecution, we cannot say that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Marabelles*, 724 F.2d 1374, 1377 (9th Cir.1984) (setting forth elements of violation of 26 U.S.C. § 7206(1)). Thus we hold that the evidence was sufficient to support Webbe's conviction on both counts.

AFFIRMED.