UNITED STATES of America,
Plaintiff–Appellee,

v.

Jonathan Bennet KAYTSO,
Defendant–Appellant.

No. 87–1203.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 17, 1987.

Decided July 1, 1988.

---

1. The Navy's "Motion for Leave to File a Separately Bound Addenda to Supplemental Brief" is granted.

David Lee Titterington, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Stanley L. Patchell, Susan A. Ehrlich, Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, CANBY and BRUNETTI, Circuit Judges.

CANBY, Circuit Judge:

## INTRODUCTION

Jonathan Bennet Kaytso was indicted and charged with assault in violation of 18 U.S.C. §§ 1153 and 113(f). The assault is alleged to have occurred in Arizona near the border with Utah. At trial the victim could not recall with accuracy the exact location of the crime. The government having failed to establish venue, Kaytso moved, at the close of the government's case, for a judgment of acquittal. The court treated Kaytso's oral motion as one to dismiss and granted it without prejudice to a second indictment. Kaytso was reindicted a week later. The indictment again charged that the assault occurred within the District of Arizona. After oral argument on Kaytso's second motion to dismiss, the court ruled that double jeopardy was not a bar to reindictment.

Kaytso now appeals that order and argues that the second indictment violates the double jeopardy clause of the Fifth Amendment to the Constitution. Alterna-

tively, he argues that the government is barred by collateral estoppel from again attempting to establish that venue was proper in Arizona.[1]

*Double Jeopardy*

Kaytso argues that the dismissal of the first indictment for lack of venue was an acquittal and that retrial is therefore barred by the double jeopardy clause. The Supreme Court has held that the double jeopardy clause does not preclude a second prosecution where a defendant successfully moves to terminate proceedings against him on a basis unrelated to factual guilt or innocence. *United States v. Scott*, 437 U.S. 82, 98–99, 98 S.Ct. 2187, 2197–98, 57 L.Ed.2d 65 (1977).

While venue presents a question of fact and must be proved by the government, it is not an essential element of the offense. *United States v. Powell*, 498 F.2d 890, 891 (9th Cir.), *cert. denied*, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974). It is the merits of the action that animate jeopardy concerns, and venue in this regard is wholly neutral, a matter of procedure. *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir.1981), *cert. denied sub nom. Conklin v. United States*, 454 U.S. 1142, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982). Thus, the failure to establish venue does not go to guilt or innocence. The defendant in this case has chosen by his motion to terminate the proceedings and so forego a verdict based on the merits. *Scott, ante* 437 U.S. at 100, 98 S.Ct. at 2198. Under these circumstances, the dismissal cannot be considered an acquittal and so is not shielded by the double jeopardy clause. *See Wilkett* (retrial in another district permitted after dismissal, during trial, for lack of venue).

*Collateral Estoppel*

Kaytso next argues that the government is now collaterally estopped from showing that the assault occurred in the District of Arizona. Under the doctrine of

1. This interlocutory appeal on double jeopardy grounds is brought pursuant to the *Abney* exception to the final judgment rule. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The collateral estoppel issue is also properly appealed under that exception. *United States v. Cejas*, 817 F.2d 595, 596 (9th Cir.1987).

collateral estoppel, also known as issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In this case, venue was certainly contested between the same parties in the previous trial, but it cannot be said that the location of the crime was "litigated" in the sense of being "necessarily decided." *United States v. Webbe*, 755 F.2d 1387, 1388 (9th Cir.1985); *see also United States v. Hernandez*, 572 F.2d 218, 220–222 (9th Cir.1978). There was no determination that the crime was committed in Utah, or even that it was not committed in Arizona.[2] The elements of estoppel have therefore not been established.

■ It is true that the doctrine of collateral estoppel is not to be applied in criminal cases with such technical exactness that it operates unfairly to the accused. *Ashe*, 397 U.S. at 444 & n. 9, 90 S.Ct. at 1194 & n. 9. We find no such unfairness here. The failure of proof at trial was not in regard to any element of the crime or any fact or issue going to the merits of guilt or innocence. There is no reason to relax the usual requirements for estoppel in this case.

Our decision does not mean that the government is entitled to repeated attempts to establish venue in a series of trials. Requirements of fundamental fairness under the due process clause ultimately control. We do not believe that the limits of due process are exceeded by this single reindictment. *See Hoag v. New Jersey*, 356 U.S. 464, 467–69, 78 S.Ct. 829, 832–33, 2 L.Ed.2d 913 (1958).

### Conclusion

Because the first dismissal was not an adjudication on the merits and because the issue of venue was not necessarily decided, neither the double jeopardy clause nor collateral estoppel bars reindictment of Kaytso in the District of Arizona.

AFFIRMED.

---

**2.** Had there been such a determination, neither double jeopardy nor collateral estoppel would prevent Kaytso's being prosecuted again in Utah. *Wilkett v. United States, supra.*