979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Preston GUILLORY, Plaintiff-Appellant,
v.
CITY OF ANAHEIM, et. al., Defendants-Appellees.
 No. 89-55662.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Decided Nov. 19, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 Preston Guillory is a private investigator and a vocal critic of the Orange County Sheriff's Department and its chief, Brad Gates. Guillory has publicly criticized Sheriff Gates in newspaper articles; he supported candidates for sheriff who ran against Gates; and he worked for individuals who sued Gates for an alleged spying incident. In 1979, Guillory sued the Department and individual officers over the Department's policy for issuing concealed weapons permits. See Guillory v. County of Orange, 731 F.2d 1379 (9th Cir.1984).
 
 
 3
 In 1984, Guillory was hired to assist in a third party's lawsuit against Gates and other members of the Orange County Sheriff's Intelligence Unit; as part of his duties, he served various defendants with the plaintiff's complaints. This suit arises from Guillory's attempt to serve Richard Wilder, an employee of the Orange County Sheriff's Intelligence Unit, and from Guillory's resulting arrest and prosecution for various misdemeanor violations. The case against Guillory was originally compiled by the Orange County Sheriff's Department, but because the underlying events took place in Anaheim and all of the charges against Guillory were misdemeanors, the case was sent to the Anaheim City Attorney's office. There, the case was assigned to Anaheim city prosecutor Mark Logan. Logan, who knew of Guillory's prior disputes with the Orange County Sheriff's Department, suggested that the Anaheim Police Department conduct an independent investigation of the incident. After the Anaheim police completed their investigation, Logan filed a criminal complaint in state court which charged Guillory with carrying a concealed weapon, illegal entry, and impersonating a police officer.
 
 
 4
 Guillory moved under Murgia v. Municipal Court, 15 Cal.3d 286 (1975), for a dismissal of the complaint against him on the ground that the prosecution was discriminatory and was pursued solely because of his prior criticism of Sheriff Gates. Although the trial court denied this motion, Guillory was acquitted of all criminal charges in December, 1985.
 
 
 5
 After his acquittal, Guillory filed a civil suit under 42 U.S.C. § 1983 and § 1985 against the County of Orange, Sheriff Gates, and Richard Wilder (collectively, the "Orange County Defendants") as well as the City of Anaheim, Anaheim Police Chief Kennedy, and Anaheim Detective Gordon Blair (the "Anaheim defendants"). The complaint alleged that the events surrounding Guillory's arrest and prosecution constituted malicious prosecution, abuse of process, and retaliation for the exercise of his first amendment right to criticize the Sheriff's Department. At trial, the jury found in favor of Guillory with respect to the Orange County defendants and awarded him $189,894 in damages. The jury found against him with respect to the Anaheim defendants, and awarded those defendants their costs.
 
 
 6
 Guillory appeals the verdict in favor of the Anaheim defendants. He argues among other things that the district court committed reversible error by ruling that he was collaterally barred from raising an independent first amendment claim and by incorrectly instructing the jury on the affirmative defense of prosecutorial independence. We reverse on the latter ground.
 
 Discussion
 
 7
 Guillory first contends that the trial court improperly precluded him from arguing an independent first amendment theory of recovery. Specifically, Guillory argues that he should have been but was not permitted to submit to the jury a first amendment tort claim based on Mt. Healthy Board of Education v. Doyle, 429 U.S. 274 (1977). We reject the factual premise of Guillory's argument. Although the trial judge initially ruled that the first amendment claim was collaterally estopped, he subsequently instructed the jury on the first amendment theory espoused by the plaintiff. See RT 2764. Counsel for the plaintiff argued this theory in his summation. Indeed, his closing argument explicitly referred to the first amendment instruction given by the trial judge. See RT 2551-52. In short, contrary to counsel's representations, the plaintiff simply was not precluded from presenting his first amendment theory.
 
 
 8
 Guillory further argues that something about the sequence of the instructions may have caused the jury to confuse the scienter requirements of his malicious prosecution and abuse of process claims with the scienter requirement of his first amendment theory. We see no basis in the record for this contention. The first amendment instructions nowhere referred to or incorporated Guillory's other theories of recovery. Moreover, counsel stated in his closing argument that the elements of Mount Healthy were sufficient in and of themselves to sustain a verdict for the plaintiff. See RT 2552. We conclude that reversal on this ground is unwarranted, as the record before us provides a "fair assurance" that any error with respect to the sequence of the jury instructions was harmless. See United States v. Webbe, 755 F.2d 1387, 1389 (9th Cir.1985).[1]
 
 
 9
 Guillory's second contention is that the trial court erred by failing to instruct the jury that the defendants bear the burden of persuasion on the affirmative defense of prosecutorial independence. We agree.
 
 
 10
 The defense of prosecutorial independence immunizes law enforcement officers from damages suffered as a result of a prosecutor's independent decision to file a criminal complaint against an individual. The defense is governed by a split burden of proof. The decision to file a complaint is presumed to result from an independent judgment on the part of the prosecutor, but the plaintiff may rebut the presumption by introducing evidence that the decision to prosecute was influenced by pressure or misinformation from law enforcement officials. See Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir.1981). If the plaintiff meets this burden of production, the burden of persuasion reverts to the defense to demonstrate that the decision to prosecute was truly independent. Id. at 267.
 
 
 11
 Guillory's proposed instruction number 306 correctly explained this split burden of proof.[2] The trial judge nevertheless rejected the instruction and instead administered several instructions submitted by the defense, none of which explained that the defense bears the burden of persuasion on prosecutorial independence. As a result, the jury may have been led to believe that prosecutorial independence was an element of the plaintiff's case instead of an affirmative defense and may therefore have placed the burden of persuasion on the wrong party. In other words, the absence of an instruction specifically flagging prosecutorial independence as a defense may have led the jury to believe that the plaintiff had the burden of proving prosecutorial non-independence by a preponderance of the evidence.
 
 
 12
 We cannot agree with appellees that the error was harmless. At least two of the trial court's instructions imply that it is the plaintiff's duty to prove prosecutorial non-independence rather than the other way around.[3] There is no reason to believe that a lay jury would realize, despite the language of these two instructions, that prosecutorial independence is a defense and not an element of the plaintiff's case. Nor does the record provide a "fair assurance" that the jury would have reached the same verdict if it had been properly instructed on prosecutorial independence. See Webbe, supra.[4] The judgment against Guillory and in favor of the Anaheim defendants is therefore reversed.
 
 
 13
 Our conclusion on this issue makes it unnecessary to address the plaintiff's remaining grounds for appeal.
 
 
 14
 Conclusion.
 
 
 15
 The judgment in favor of the appellees is reversed and the case is remanded for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Guillory were correct that the instructions led the jurors to believe that they must find malicious, reckless, or intentional conduct in order to rule for the plaintiff on the first amendment theory, the confusion would not have prejudiced Guillory. Intentional and malicious conduct is effectively required by Mount Healthy. That case requires the plaintiff to show that his first amendment activities constituted a substantial motivating factor for retaliatory actions undertaken by government officials; i.e., that he was singled out for harassment on the basis of his expressive activity. One could hardly unintentionally or non-maliciously single someone out for adverse treatment on the basis of his first amendment activity. Further, on this record the plaintiff is not in a position to draw fine distinctions between malicious and intentional acts. See RT 2546 (plaintiff's summation, explaining that "malice" means "intent")
 
 
 [2]
 We note that we have no occasion to determine whether proposed instruction 306 was correct other than with respect to its presentation of the split burden of proof governing the defense of prosecutorial independence
 
 
 [3]
 "If you find that plaintiff has presented evidence that the investigating officers intentionally or recklessly made material omission or gave false information to the prosecutor, before you impose liability under Sections 1983, 1985(2) or 1986, you must determine that the prosecutor's decision would have been different if he had received all material accurate information." RT March 10, p. 2760
 "In order for any defendant to be liable to plaintiff for malicious prosecution under the Civil Rights Act, it must be shown that such defendant pressured the prosecutor to act contrary to his independent judgment or that such defendant knowingly presented false information to the prosecutor." RT March 10, p. 2761.
 
 
 [4]
 Our conclusion would be no different if we employed the "more probably than not" standard for harmless error articulated in United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991)