**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James HAYS, Defendant—Appellant.**

No. 03–10083.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2004.

Decided July 2, 2004.

Mark Parrent, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff—Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant—Appellant.

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM **

The defendant appeals his conviction for three counts of making a false statement in a matter within the jurisdiction of the Federal Aviation Administration. *See* 18 U.S.C. § 1001(a). The defendant argues that the district court erred by denying his motion to suppress evidence seized pursuant to a search warrant, amending the charges with which he was indicted, and admitting evidence that was unduly prejudicial. Finding no reversible error with respect to any of the defendant's contentions, we affirm the judgment of the district court.

■ First, the search warrant identified specific categories of business records produced by Hays Aviation, all of which were related to maintenance repairs and annual inspections, properly limited in time and scope, and was therefore not constitutionally overbroad. *See United States v. Washington*, 797 F.2d 1461, 1468 (9th Cir. 1986).

Second, the district court did not err by admitting evidence of the falsified logbooks discovered in the defendant's airplane. The district court held that because the defendant divulged that he kept business records in his airplane, the agents had probable cause to search the plane pursuant to the automobile exception to a warrantless search. The defendant has not challenged the application of the automobile exception to the search of his airplane, but only that probable cause supported the search. Without deciding the correctness of applying the "automobile exception" to

airplanes, we hold that the district court did not err by concluding that the defendant's divulgence provided probable cause. *See United States v. Pinela–Hernandez*, 262 F.3d 974, 977–78 (9th Cir.2001).

Neither did the court amend the defendant's indictment. The court informed the jury of the charges that appeared in the defendant's indictment, instructed the jury that the defendant was only on trial for the crimes charged in the indictment, and provided the jury with a copy of the indictment. *Cf. United States v. Shipsey*, 190 F.3d 1081, 1086–87 (9th Cir.1999). There is no indication in the record that the defendant was convicted of a crime other than that with which he was charged.

■ However, we agree with the defendant's contention that the district court abused its discretion by admitting evidence of dangerous defects found in the airplanes certified by the defendant. This evidence had only a very slight probative value and did not outweigh its prejudicial effect. *See* Fed.R.Evid. 403; *United States v. Hitt*, 981 F.2d 422, 423–24 (9th Cir.1992). The government did not need this prejudicial evidence to prove the elements of the defendant's crime which was completed when the defendant signed his name to the certifications.

■ Nevertheless, we conclude that this error was harmless. Evidence of the defects did not, in this case, have "substantial influence" over the verdict, and did not eviscerate the government's proof of every element of the defendant's crime beyond a reasonable doubt. *See United States v. Shyrock*, 342 F.3d 948, 977–79 (9th Cir.

---

* The Honorable Donald Lay, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

2003); *United States v. Webbe,* 755 F.2d 1387, 1389 (9th Cir.1985).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.