NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10198 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00081-JAM-2 |
| v. | |
| GORDON OWEN MILLER, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10268 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00081-JAM-1 |
| v. | |
| DONNIE JOE PHILLIPS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 11, 2021
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HURWITZ and BRESS, Circuit Judges, and FEINERMAN,** District Judge.

Phyllis Mosher, Gordon Miller, and Donnie Phillips were charged in a twelve-count indictment with conspiracy to distribute methamphetamine, distributing methamphetamine, and possessing methamphetamine with intent to distribute. Mosher entered into a plea agreement; Miller and Phillips proceeded to trial. After a seven-day trial, a jury returned guilty verdicts on all twelve counts against Phillips. The jury found Miller guilty of conspiring to distribute methamphetamine, two distribution counts on February 4, 2015, and two counts of possessing methamphetamine with intent to distribute on April 7, 2015. Miller received a sentence of 240 months. Phillips was sentenced to 300 months.

Miller and Phillips have each timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Challenges to Convictions

A. Miller's Challenges

1. Miller asserts that the evidence is insufficient to sustain any count of conviction. But, viewing the evidence in the light most favorable to the government, a rational juror could reasonably have concluded beyond a reasonable doubt that

---

** The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Miller participated in a methamphetamine trafficking ring and distributed methamphetamine on February 4, 2015. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009). Testimony, surveillance, and telephone records revealed Phillips to be the source for methamphetamine sold by Mosher to an undercover DEA agent. During a transaction with the undercover agent on February 4, 2015, Mosher explained that a second delivery of drugs agreed upon for that day would be delayed because her source's partner was in Hayward. Miller purchased a car in Hayward that day. Later that day, Mosher told the agent that she was with her source, who could not obtain the methamphetamine from his partner until that evening. Agents subsequently observed Phillips place a bag of money given by the agent to Mosher into the trunk of his car and followed him to a bar, where Phillips met with Miller. From there, Miller and Phillips drove to an isolated area, where they interacted briefly with the occupant of another car before returning to the bar. Around that time, Mosher called the agent to inform him that her source had the drugs and she was going to meet him in Vallejo. When Phillips left the bar, he travelled to a Vallejo apartment, where he removed items from his car and met with Mosher. Mosher delivered methamphetamine to the agent later that evening. There was also extensive phone activity between Miller's and Phillips's phones on February 4, 2015.

2. The evidence also was sufficient to support Miller's convictions for

3

possession with intent to distribute methamphetamine on April 7, 2015. Mosher and Phillips were arrested promptly after a sale to the DEA agent on that day. Miller, who had been in regular telephone contact with Phillips in the days before April 7, then frantically sought information on Phillips's whereabouts and asked Phillips's girlfriend for Mosher's phone number; Miller had no apparent connection with Mosher outside the conspiracy. Miller then fled with his girlfriend at a high rate of speed in his girlfriend's car with large amounts of cash concealed in a spare tire and while carrying a note with Mosher's first name and contact information. *See United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986) ("Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself."). Overlapping layers of evidence thus supported a reasonable inference that Miller was involved in the April 7 sale. *See United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010).

3. The district court did not abuse its discretion in admitting evidence of Miller's three trips to Mexico in 2014. Miller reported only $1,653 in income in 2014. "[E]vidence of a disparity between income and life style permits an inference of drug trafficking activity." *United States v. Karterman*, 60 F.3d 576, 582 (9th Cir. 1995).

4. Any error in the admission of a baseball hat recovered from Miller's car with the logo "red and white Oakland"—an apparent nickname for Hells Angels—was harmless. There was no mention of Hells Angels at trial, nor any other evidence

from which the jury would infer membership in the group. There is a "fair assurance" that the hat's admission had no "substantial influence" on the verdict. *United States v. Webbe*, 755 F.2d 1387, 1389 (9th Cir. 1985) (cleaned up).

B. Phillips's Challenges

The district court properly rejected Phillips's requested third-party entrapment defense, which was premised on alleged entrapment by Mosher as an "unwitting middleman." We have "consistently held that the entrapment defense is available only to defendants who were *directly* induced by government agents." *United States v. North*, 746 F.2d 627, 630 (9th Cir. 1984) (emphasis added). Targeting a defendant through an "unwitting agent" does not constitute forbidden inducement if the agent was not then cooperating with the government. *See United States v. Emmert*, 829 F.2d 805, 809 (9th Cir. 1987).

C. Joint Challenges

1. Miller and Phillips claim the prosecutor's comments at a status conference in Mosher's case seeking continuation of sentencing to ensure the government's continued leverage under the plea agreement violated their due process and compulsory process rights to offer testimony in their favor. Mosher, however, was ultimately sentenced before Miller and Phillips's trial, and there is no evidence that the prosecutor's comments caused her not to testify. *See Soo Park v. Thompson*, 851

5

F.3d 910, 919 (9th Cir. 2017).

2. The district court did not abuse its discretion in concluding, after an *in camera* review, that material related to a personnel matter involving the undercover DEA agent need not be disclosed because it did not go to the agent's character for truthfulness. *See* Fed. R. Evid. 608(b).

3. Because any error claimed by Miller or Phillips "is, at best, marginal," there was no cumulative error here. *See Karterman*, 60 F.3d at 580.

## II. Sentencing Challenges

A. Miller's Challenges

Although the district court failed to "verify that [Miller] and [his] attorney ha[d] read and discussed the presentence report," Fed. R. Crim. P. 32(i)(1)(A), any error was harmless, as Miller has not claimed that he did not read and discuss the report with his counsel, nor has he identified any fact in the report he disputes. *See United States v. Soltero*, 510 F.3d 858, 863-64 (9th Cir. 2007).

B. Phillips's Challenges

1. The district court did not err in declining to give Phillips a two-level reduction for acceptance of responsibility pursuant to U.S.S.G § 3E1.1. Phillips argues that the district court relied on the government's erroneous representation that he never

tried to plead guilty, when in fact he made plea offers that were rejected. Even assuming that the government misstated that fact at sentencing, there is no indication that the district court based its decision on any such misstatement. The district court was not compelled to conclude that this was one of the "rare situations" in which a defendant "clearly demonstrate[d] an acceptance of responsibility . . . even though he exercise[d] his constitutional right to a trial." U.S.S.G. § 3E1.1(a), cmt. 2; *see also United States v. Molina*, 934 F.2d 1440, 1451 (9th Cir. 1991) (requiring that a sentencing judge's decision to apply an acceptance-of-responsibility reduction be "based upon the entire record").

2. The district court did not plainly err in rejecting Phillips's argument for a four-level downward variance based on a methamphetamine purity ratio different from the ratio set forth in U.S.S.G. § 2D1.1. "[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). The court "considered all the objections" and did not "find any reason to change any of the calculations with respect . . . to the guidelines or to grant any of the other corrections that have been requested." *See id.*; *see also Rita v. United States*, 551 U.S. 338, 356 (2007).

3. Nor did the district court clearly err in applying a two-level firearm enhancement. Section 2D1.1(b)(1) requires a two-level increase "[i]f a dangerous

7

weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id*. § 2D1.1, cmt. 11(a). Evidence suggested that Phillips used the property from which the firearm was seized as a base of operations during the conspiracy. *See United States v. Willard*, 919 F.2d 606, 609-10 (9th Cir. 1990).

4. Phillips's overbreadth challenge to his career offender designation is foreclosed by *United States v. Rodriguez-Gamboa*, 972 F.3d 1148 (9th Cir. 2020).

5. Phillips's sentence was not substantively unreasonable. The record reflects a "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (cleaned up). After noting that the Guidelines range was only "advisory," the district evaluated the relevant § 3553(a) factors, including the potential disparity with Miller's sentence. Even assuming that Miller was higher in the conspiracy's hierarchy than Phillips, that does not compel a finding of substantive unreasonableness, as Miller was convicted on fewer offenses. *See United States v. Monroe*, 943 F.2d 1007, 1017 (9th Cir. 1991).

6. Phillips's argument that the prior convictions that gave rise to an enhanced statutory minimum were required to be proven to the jury fails under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which remains binding, *see, e.g.*,

8

*United States v. Weiland*, 420 F.3d 1062, 1079 n.16 (9th Cir. 2005).

C. Joint Challenges

1. Miller and Phillips were not entitled to invoke § 401 of the First Step Act, Pub. L. No. 155-391, 132 Stat. 5194 (2018), which does not apply to sentences imposed before its enactment. *See United States v. Asuncion*, 974 F.3d 929, 934 (9th Cir. 2020).

2. Miller and Phillips have not shown plain error in the imposition of seven conditions of supervised release. During their respective sentencing hearings, the district court stated it was adopting all seven special conditions of supervised release. The written judgments conformed to the oral pronouncements for both defendants. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012).

**AFFIRMED.**