**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Francisco VALENTIN, Defendant-Appellant.**

**No. 77–2748.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1978.

Dick L. Madson, of Cowper & Madson, Fairbanks, Alaska, for defendant-appellant.

Stephen Cooper, Asst. U. S. Atty., Fairbanks, Alaska, for plaintiff-appellee.

Before WRIGHT, CHOY and TANG, Circuit Judges.

CHOY, Circuit Judge:

In a trial by jury appellant was convicted of possession of cocaine with intent to distribute. We affirm.

He contends (1) that his motion to suppress evidence seized at his residence was denied by the district court in error, (2) that there was insufficient evidence that he knowingly possessed any cocaine and (3) that there was insufficient evidence that he knowingly possessed cocaine with intent to distribute it.

The package, which originally contained about 208 grams of cocaine imbedded in a jar of coffee, had been delivered to an airline freight office in Los Angeles by appellant's brother, Peter Valentin, using the pseudonym "Paul Valencia." Peter addressed the parcel to "John Valencia" at Fairbanks, Alaska. The airline's freight agent, remembering that Peter had previously used either "Valencia" or "Valentin" in making other shipments via that office, became suspicious. With his supervisor the agent opened and inspected the contents of the parcel. They summoned the Los Angeles police who removed 62 grams of the cocaine, rewrapped the parcel and shipped it on to Anchorage, Alaska. At Anchorage, Alaska state police and federal Drug Enforcement agents reopened the package, removed all but one gram of the cocaine, installed two electronic transmitters with it and resealed the parcel. The parcel was then taken to a Fairbanks air freight office and a watch kept by the officers for its consignee. The officers tried without success to find a federal judge or magistrate to issue a search warrant presumably to search the destination of the package. A similar effort through the state district attorney's office proved futile.

Two days later, appellant (who was then unknown to the officers) and a Russell Smith called at the Fairbanks freight office for the parcel, appellant signing "J. Valencia" on the receipt for it. The transmitters led the officers to a house. Shortly after Smith and appellant entered the house,

Smith came out and as he drove away he was stopped and arrested. The officers then knocked on the door of the house, one of them announcing that he was a police officer. The door was locked and no one within responded. Using a key obtained from Smith, the officers opened the door, entered and arrested appellant. In plain view, they saw the parcel and its contents. No one besides appellant was in the house.

Several telephone bills were also seized in the house showing calls from it to a Redondo Beach, California number. Peter was arrested in the Redondo Beach apartment to which the phone calls had been made and there also telephone bills were seized showing calls made from that apartment to appellant's house at Fairbanks, and airline tickets and passports showing that appellant and Peter had traveled earlier that year to various parts of South America known as sources of cocaine.

Considering the facts and the reasonable inferences from them in the light most favorable to the Government on this appeal, the jury had more than sufficient evidence to support its verdict. That a joint venture to obtain and distribute cocaine existed between appellant and his brother was clearly shown. This supported the conclusion that they both shared knowing dominion and control over the large quantity of cocaine, appellant having constructive possession of it at least when Peter delivered it to the air freight office in Los Angeles consigned to appellant. *See United States v. Morando-Alvarez*, 520 F.2d 882, 884 (9th Cir. 1975); *United States v. Campbell*, 507 F.2d 955, 958 (9th Cir. 1974). *Cf., Murray v. United States*, 403 F.2d 694, 696 (9th Cir. 1968).

Intent to distribute was inferable from the large quantity and value ($15,000) of the cocaine involved. *United States v. Golden*, 532 F.2d 1244, 1247 (9th Cir. 1976).

The motion to suppress was properly denied. Not only was the officers' manner of entry of the house proper, there was also probable cause to arrest the person known to be inside the house. Further, the evidence seized was in plain view. If more was required, there were exigent circumstances. To justify the warrantless entry and arrest, the district court found these factors: the transmitters had been discovered; there was a likelihood of destruction of the evidence, including the package as well as its contents; and it was likely that the occupant might attempt to escape. We note also that the officers had previously sought unsuccessfully to find a magistrate to whom application might be made for a search warrant.

AFFIRMED.