967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael Gomez GONZALEZ, Defendant-Appellant.
 No. 91-30114.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1992.*
Decided July 8, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Gomez Gonzalez was convicted of distribution of cocaine, and possession with intent to distribute cocaine, and he was sentenced under the United States Sentencing Guidelines as a career offender. He appeals, disputing the sufficiency of the evidence used to convict him, the validity of a search warrant used to seize evidence against him, the fact that a government confidential informant ("CI") was paid on a contingent fee basis, and his sentence. We have jurisdiction under 28 U.S.C. § 1291 (1988), and we affirm Gonzalez's conviction, but vacate his sentence.
 
 
 3
 1. Did the district court err in denying Gonzalez's Fed.R.Crim.P. 29 motions for judgment of acquittal?
 
 
 4
 Gonzalez claims the judge should have granted his Fed.R.Crim.P. 29 motion on count one because Gonzalez's son, not Gonzalez himself, actually sold the cocaine to Detective Tangen on August 16, 1990. Gonzalez's son did testify that he sold the drugs to Detective Tangen. We review de novo the denial of a Fed.R.Crim.P. 29 motion for judgment of acquittal. See United States v. Mundi, 892 F.2d 817, 820-21 (9th Cir.1989), cert. denied, 111 S.Ct. 1072 (1991). The substantive inquiry is the same as for attacks on the sufficiency of the evidence: "whether, when viewed in the light most favorable to the government, the evidence adduced at trial was sufficient for a rational [trier of fact] to find [the defendant] guilty beyond a reasonable doubt." Id.
 
 
 5
 We reject Gonzalez's claim on count one. Detective Tangen testified he bought cocaine from Gonzalez, not Gonzalez's son, and could identify Gonzalez because he stood about a foot from Gonzalez in bright daylight. The unwitting informant, Raul Delgado, and the CI, Victor Smith, both corroborated Detective Tangen's account. The trial court relied on Tangen's identification. It rejected Gonzalez's son's testimony:
 
 
 6
 [t]he testimony to controvert [Tangen's identification] is ... unbelievable.... I cannot imagine a more tragic kind of setting ... but as far as my making a finding of fact, there is no question in my mind that this young man was ... putting his neck in a noose, so to speak, ... but also stepping forward and furnishing a version of ... events which, as far as I'm concerned, through his lips is no more believable than it is through his father's lips.
 
 
 7
 Tangen knew he had bought cocaine from Gonzalez, not Gonzalez's son. Viewed in the light most favorable to the government, Mundi, 892 F.2d at 820-21, there was sufficient evidence to convict Gonzalez on count one.
 
 
 8
 Gonzalez also claims the judge should have granted his Rule 29 motion on count two because (1) he was not in "possession" of the cocaine seized from his bedroom, and (2) he did not have the "intent to distribute" that cocaine under 21 U.S.C. § 841 (1988). As to the first claim, the cocaine found in the bedroom was packaged like the cocaine sold by Gonzalez to Detective Tangen, Gonzalez admitted he usually slept in the bedroom, and papers bearing his name were found in the bedroom. Viewed in the light most favorable to the government, Mundi, 892 F.2d at 820-21, the evidence was sufficient to establish constructive possession by Gonzalez of the cocaine in the bedroom. See United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986).
 
 
 9
 As to the second claim related to count two, Gonzalez argues the amount of cocaine found was too small for the court to infer intent to distribute. We reject this argument. Although weight traditionally is used to infer intent to distribute, see, e.g., United States v. Valentin, 569 F.2d 1069, 1071 (9th Cir.1978), other facts also may lead to such an inference, see, e.g., United States v. Savinovich, 845 F.2d 834, 836-37 (9th Cir.), cert. denied, 488 U.S. 943 (1988) (presence of scales and weapons may yield inference of intent to distribute). Gonzalez had sold cocaine within the previous week to three persons, including Detective Tangen; the cocaine seized was packaged similarly to cocaine actually sold by Gonzalez to Detective Tangen; and Gonzalez had a relatively large amount of cash in the house, which a DEA agent testified was consistent with drug dealing. Viewed in the light most favorable to the government, Mundi, 892 F.2d at 820-21, this evidence is enough to create an inference of intent to distribute.
 
 
 10
 2. Did the district court err in denying Gonzalez's motion to suppress based on allegedly material omissions in the affidavit supporting the search warrant?
 
 
 11
 Gonzalez argues Detective Poindexter's affidavit in support of the search warrant omitted material information that requires suppression of the evidence obtained in the search. He complains the affidavit omitted the following facts: (1) the CI called the Task Force to demand more money; (2) neither the CI nor Detective Tangen ever had met Gonzalez before the August 16 purchase of cocaine; and (3) Tangen first learned Gonzalez's name from a police picture of Gonzalez.
 
 
 12
 We review de novo the importance of omissions in an affidavit in support of a search warrant. See United States v. Hernandez, 937 F.2d 1490, 1494 (9th Cir.1991) (per curiam). A search warrant is valid unless the affiant deliberately or recklessly omitted facts that, if included, would have precluded a finding of probable cause. See United States v. Stanert, 762 F.2d 775, 780-82 (9th Cir.), modified on other grounds, 769 F.2d 1410 (9th Cir.1985). "[T]here is 'a presumption of validity with respect to the affidavit supporting the search warrant'...." United States v. Burnes, 816 F.2d 1354, 1357 (9th Cir.1987) (citation omitted).
 
 
 13
 We reject Gonzalez's arguments. Inclusion of the omitted material would not have defeated probable cause because that material cannot undo the fact that Gonzalez sold cocaine to an undercover police officer on the premises to be searched. Although Tangen never had seen Gonzalez before, he did see Gonzalez when Gonzalez sold him cocaine. Tangen was able to identify Gonzalez as the man who had sold him cocaine. Although the CI demanded more money, he did not do so until the day the Task Force applied for the warrant, five days after Gonzalez sold the cocaine to Detective Tangen. Had the omitted material been included, probable cause would have remained.
 
 
 14
 3. Did the district court err in denying Gonzalez's motion to dismiss for outrageous governmental conduct in agreeing to pay an informant a contingency fee?
 
 
 15
 Gonzalez claims his indictment must be dismissed because the government agreed to pay an informant/witness a contingent fee. However, because Gonzalez did not raise this issue in the district court, we will review only for plain error. See United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984); cf. United States v. Winslow, Nos. 91-30043, 91-30044, 91-30091, slip op. 3361, 3367 (9th Cir. Apr. 1, 1992).
 
 
 16
 There was no plain error. see United States v. Shelton, 588 F.2d 1242, 1246 (9th Cir.1978) ("Informant fees [paid to informants who testify] are neither unlawful nor unduly prejudicial per se"), cert. denied, 442 U.S. 909 (1979); United States v. Cervantes-Pacheco, 826 F.2d 310 (5th Cir.1987) (en banc), (overruling Williamson v. United States, 311 F.2d 441 (5th Cir.1962)), cert. denied, 484 U.S. 1026 (1988).
 
 
 17
 4. Did the district court err in sentencing Gonzalez as a career offender?
 
 
 18
 Gonzalez claims he improperly was sentenced as a career offender. He disputes two of his prior convictions: (1) a 1984 California guilty plea for possession of heroin, and (2) a 1989 federal conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 924 (1988). He admits to a 1977 California assault conviction. Because neither of the two disputed convictions is valid for career-offender purposes, we vacate Gonzalez's sentence. See U.S.S.G. §§ 4B1.1, 4B1.2, 4A1.2 (1990).
 
 
 19
 Under U.S.S.G. § 4B1.1 (1990),
 
 
 20
 [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 21
 For purposes of sentencing, Gonzalez does not dispute he was over eighteen at the time of the instant controlled substance offense.
 
 
 22
 The evidence provided to the district court showed that Gonzalez pleaded guilty in 1984 in California state court to possession of heroin, but failed to appear for sentencing. At the time of his sentencing in the present case, Gonzalez had not been sentenced in the state heroin case. Under the Guidelines, "[t]he date that a defendant sustained a conviction shall be the date the judgment of conviction was entered." U.S.S.G. § 4B1.2(3) (1990). Because Gonzalez was not sentenced on the state heroin crime, judgment was not entered, and it cannot be used in the career-offender calculation.
 
 
 23
 The district court need not allow Gonzalez to profit from his own wrongdoing, however. This case may be one in which upward departure is appropriate, if the sentencing judge determines that Gonzalez's criminal history score, which will not include the California heroin charge, does not adequately reflect the seriousness of his past criminal conduct. See U.S.S.G. §§ 4A1.3(d)-(e) (1990).
 
 
 24
 We note that the latest version of the Guidelines states that "a conviction for which the defendant has not yet been sentenced is treated as if it were a prior sentence ... if a sentence resulting from such conviction otherwise would have been counted." U.S.S.G. § 4A1.2(4); id. Appendix C (amendment # 381) (1991). This amendment may not retroactively be applied to Gonzalez, see United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991) (per curiam).
 
 
 25
 Gonzalez's second disputed conviction, felon in possession of a firearm, also may not be counted in the career-offender calculus because it is not a "crime of violence" under the post-1989 version of U.S.S.G. §§ 4B1.1 and 4B1.2, under which Gonzalez was sentenced. See United States v. Sahakian, No 91-10199. slip op. 5975, 5978-81 (9th Cir. May 26, 1992) ("being a felon in possession [of a firearm] is not a ... crime of violence under the 1989 amendment" to U.S.S.G. § 4B1.2).[1] Accordingly, because neither of his two disputed convictions may be used, Gonzalez improperly was sentenced as a career offender.
 
 
 26
 Finally, we note the district court failed to append to the Presentence Report written findings regarding matters disputed and resolved verbally by the district court at sentencing. See Fed.R.Crim.P. 32; United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 & n. 5 (9th Cir.1990) (en banc).
 
 
 27
 We AFFIRM Gonzalez's conviction, but VACATE Gonzalez's sentence, and remand for resentencing, and for compliance with the procedural requirements of Fed.R.Crim.P. 32(c)(3)(D).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gonzalez also claims the district court should have departed downward from the applicable sentencing range. However, Gonzalez correctly admits the district court noted its discretion, and rejected his request for a downward departure. In such circumstances, we lack jurisdiction to review the failure to depart. United States v. Sanchez, 914 F.2d 1355, 1363-64 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991)