972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo SAINEZ-RAMIREZ, Defendant-Appellant.
 No. 91-50496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 26, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfredo Sainez-Martinez appeals his conviction and sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1988). Sainez claims: (1) statements of a codefendant improperly were admitted at trial; (2) there was insufficient evidence to support his conviction; and (3) the sentencing court improperly refused to decrease his offense level under the Sentencing Guidelines for being a minimal participant in the crime. We have jurisdiction under 28 U.S.C. § 1291 (1988), and we affirm.
 
 
 3
 (1) At trial, over Sainez's objection, DEA Agent Lopez testified that Gonzalo Marquez stated just after his arrest that Sainez was the supplier of the methamphetamine involved in this case. Sainez now claims it was reversible error for the district court to admit Agent Lopez's testimony concerning Marquez's post-arrest statement. We reject Sainez's argument because any alleged error was harmless. Marquez himself testified at trial that Sainez was his supplier, and described in detail the delivery by Sainez of the methamphetamine seized at Marquez's home. The district court's comments indicate that it relied primarily on Marquez's testimony, not on Agent Lopez's recounting of Marquez's post-arrest statement, in concluding Sainez was indeed the source of the methamphetamine. Any error in admitting Marquez's post-arrest statement was harmless because, given Marquez's own live testimony, it is more probable than not that the statement did not affect the judgment. See United States v. Hill, 953 F.2d 452, 458 (9th Cir.1991) ("Errors which do not rise to constitutional dimensions, such as this one, are ... harmless [if] it is more probable than not that the erroneous admission of the evidence did not affect the [judgment]....").
 
 
 4
 (2) Sainez also claims there was insufficient evidence to support the judgment against him. "We will uphold a conviction against a challenge to the sufficiency of the evidence if a rational [trier of fact] could find the defendant guilty beyond a reasonable doubt of each element of the crime with which he is charged." United States v. Smith, No. 89-10649, slip op. 4441, 4449-50 (9th Cir. Apr. 24, 1992). Marquez's testimony that Sainez was the supplier of the large amount of methamphetamine, and the DEA agents' observations of Sainez going inside Marquez's house, are sufficient to sustain Sainez's conviction for possession with intent to distribute methamphetamine. See generally id. at 4451-54 (discussing constructive and actual possession of a controlled substance); United States v. Valentin, 569 F.2d 1069, 1071 (9th Cir.1978) (possession of a large amount of a controlled substance supports an inference of intent to distribute).
 
 
 5
 (3) Finally, Sainez claims he was a minimal participant in the crime, and so was entitled to a downward adjustment to his sentence under the United States Sentencing Guidelines. See United States Sentencing Commission, Guidelines Manual § 3B1.2(a) (1990). We review for clear error the district court's finding that Sainez did not establish by a preponderance of the evidence his minimal role in the offense. United States v. Howard, 894 F.2d 1085, 1087, 1090 & n. 4 (9th Cir.1990). The fact that Sainez almost passed (but actually failed) a polygraph examination does not establish clear error in the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3