981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
RENE FRANCES D. (Juvenile), Defendant-Appellant.
 No. 88-1144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
 Decided Dec. 3, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene D., a juvenile, appeals her conviction, following a bench trial, for committing an overt act of juvenile delinquency in violation of 18 U.S.C. §§ 5031-5037 (1988), by possessing with intent to distribute 1399 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (1988). Rene contends that the district court erred by denying her Federal Rule of Criminal Procedure 29 motion for judgment of acquittal. She contends that there is insufficient evidence to support the guilty verdict. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 The court treated this case as if Rene had moved for a judgment of acquittal immediately following the close of the government's case. The court stated at the time the government rested:
 
 
 4
 I will let the defendants reserve their right to make any legal motions at a later date with the same force and effect as if you were making them now.
 
 
 5
 Reporter's Transcript 177. At the beginning of the defendant's closing argument, the court stated:
 
 
 6
 Mr. Brady, and just for the information of both counsel, I am going to treat the case as if you had made motions at the end of the government's case under Rule 25 [sic] for a directed verdict of acquittal, and the record can show that is the way I am treating it, so you can go ahead and argue.
 
 
 7
 RT 253.
 
 
 8
 The court denied the motion for acquittal. We must review the evidence in a light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 9
 We are compelled to consider only that evidence presented in the government's case-in-chief. It would be unfair to conclude that Rene knowingly waived a timely Rule 29 motion for acquittal where she was in effect informed that she could testify without effecting such a waiver. But cf. United States v. Figueroa-Paz, 468 F.2d 1055, 1058 (9th Cir.1972) (by introducing evidence in his own behalf, defendant waived objection to the denial of his motion for acquittal following the government's case; court could consider all of the evidence presented, including the defendant's testimony, on appeal).
 
 
 10
 In order to show possession, the government must prove that the defendant knew of the presence of the contraband and had dominion and control over it. United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991); United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). Possession of the contraband may be either actual or constructive. Restrepo, 930 F.2d at 709. Constructive possession may be demonstrated by direct or circumstantial evidence. United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986). " 'Mere proximity to contraband, presence on property where it is found and association with a person or persons having control of it are all insufficient to establish constructive possession.' " Castillo, 866 F.2d at 1086 (quoting United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985)). However, evidence that a defendant shared dominion and control over contraband by virtue of her participation in a "joint venture" to possess a controlled substance is sufficient to prove constructive possession. Restrepo, 930 F.2d at 710; Disla, 805 F.2d at 1350.
 
 
 11
 The following evidence supports the government's contention: (1) 694 pounds of marijuana was stored unconcealed in the bedroom and cabinets of the motorhome that Rene and her companion, Roger Crum, occupied. Bundles of marijuana were also stacked in the bathroom, rendering the bathroom unusable; (2) the smell of marijuana in the motorhome was very strong and obvious to Border Patrol agents who were nearby when Rene opened the door to exit the motorhome; (3) no hunting, fishing, or camping equipment was in the motorhome; (4) Rene signed the registration slip at the trailer park; (5) the motorhome was parked inappropriately on an incline in a "notorious smuggling area"; (6) Rene was associated with Roger Crum, the driver of the motorhome, before their arrest; (7) Rene's name appeared on a prior motorhome rental agreement as Roger Crum's wife; (8) None of the participants attempted to exculpate Rene, though one participant did attempt to exonerate another female passenger.
 
 
 12
 The evidence, viewed in the light most favorable to the government, supports a finding that Rene had constructive possession of the marijuana, both because of her participation in a joint venture to possess marijuana and because of her relationship to Roger Crum. See United States v. Humphrey, 759 F.2d 743, 751 (9th Cir.1985) ("Where a large quantity of contraband pervades the only cabin of a vessel returning from a long voyage, it is reasonable to infer that the occupants were engaged in more than mere knowing presence"), cert. denied, 480 U.S. 917 (1987); United States v. Valentin, 569 F.2d 1069, 1071 (9th Cir.1978) (sufficient evidence to find constructive possession where package containing narcotics was taken to air freight office and addressed to defendant); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.) (trier of fact can infer possession where there is rational basis for attributing interest in contraband to defendant because of his relationship to another), cert. denied, 488 U.S. 943 (1988).
 
 
 13
 AFFIRMED.
 
 LEAVY, Circuit Judge, dissenting:
 
 14
 I dissent.
 
 
 15
 Roger Crum's motor home leasing request of January 14, 1988 (exhibit 27) referred to by the majority in item (7) was never offered or received at trial. It is referred to at page 162 of the transcript as follows:
 
 
 16
 Q (to Agent Curl) Looking at Exhibit 27, can you tell me what that is?
 
 
 17
 A This is a motor home reservation request filled out to King of The Road, which is a leasing company where the vehicles were leased from.
 
 
 18
 MR. HENRY: Your Honor, before we have any further testimony regarding this, I would like to voice my objection in that this particular form that he is identifying has nothing whatsoever to do with the rental involved in this case.
 
 
 19
 THE COURT: That is what I understood. He may answer. Go ahead.
 
 
 20
 A And it has a name down here of a gentleman by the name of Roger Crum and wife's name, there is a name Rene.
 
 
 21
 Q And what was the date on this?
 
 
 22
 A This is January 14th, 1988.
 
 
 23
 The evidence with respect to the rental of the motor homes on the occasion of the arrest is best summarized at page 157 beginning at line 18 to 25:
 
 
 24
 Q (to Agent Curl) And you, in fact, learned, did you not, through your investigation that Rene ... had nothing to do with the rental of each of these motor homes?
 
 
 25
 A To my knowledge she did not sign any documents renting or leasing the vehicles.
 
 
 26
 Q In fact, it was one or more of the males involved that did that; is that not true?
 
 
 27
 A Yes, sir.
 
 
 28
 The evidence on the rental of the motor home is essentially negative with respect to Rene, except for the fact that Roger Crum falsely identified Rene as his wife on a prior occasion.
 
 
 29
 The majority observes that none of the participants attempted to exculpate Rene. In fact, the following testimony was given by Agent Curl:
 
 
 30
 Q (to Agent Curl): And during your interviews of Brian Crum and Roger Crum, and Douglas Crum, those three individuals all made statements about this case to you; is that correct?
 
 
 31
 A That's correct.
 
 
 32
 Q And those statements incriminated themselves; is that right?
 
 
 33
 A That's correct.
 
 
 34
 Q And those statements in no way implicated either Rene ... or Kari ... with respect to this marijuana; is that correct?
 
 
 35
 A That's correct.
 
 
 36
 Q And their admissions to you were admissions, in effect, basically assuming full responsibility for the arrangements that were made with respect to the possession of this marijuana and what was to be done with it?
 
 
 37
 A Yes.
 
 
 38
 Q And when I say they, I am talking about Brian, Douglas and Roger?
 
 
 39
 A Yes.
 
 
 40
 Reporter's Transcript at 159-60.
 
 
 41
 To support the government's charge that Rene possessed with intent to distribute 1399 pounds of marijuana, there is evidence that: (1) 694 pounds of marijuana was stored unconcealed in the bedroom, bathroom, and cabinets of the motor home in which Rene was seen by government witnesses in the front as a passenger; (2) the smell of marijuana in the motor home was very strong and obvious to Border Patrol agents who were nearby when Rene opened the door to exit the motor home; (3) no hunting, fishing, or camping equipment was in the motor home; (4) Rene signed the registration slip at the trailer park before any marijuana was placed in the motor home; and (5) the motor home was parked on an incline in a "notorious smuggling area." There was approximately 700 pounds of marijuana in the other motor home occupied by three adults and one juvenile.
 
 
 42
 "Mere proximity to contraband, presence on property where it is found and association with a person or persons having control of it are all insufficient to establish constructive possession." Castillo, 866 F.2d at 1086.
 
 
 43
 The evidence, viewed in the light most favorable to the government, shows only that Rene was present in the motor home with the marijuana, that she was associated in some way with the driver, and that she had the opportunity to detect the marijuana either through direct observation or smell. There is no evidence that Rene exercised dominion or control over the motor home, or that she was in any way connected to the marijuana other than through her close proximity and apparent ability to detect its presence. Although the evidence would support an inference that Rene had knowledge of the presence of the marijuana, it does not support a finding that she had either actual or constructive possession of the marijuana. See United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir.1985) (presence in room and ability to observe contraband was insufficient to show possession); United States v. Valenzuela, 596 F.2d 824, 830-31 (9th Cir.), cert. denied, 441 U.S. 965 (1979) (proof of joint occupancy of home was insufficient to show defendant had dominion and control of drugs found in garage); Delgado v. United States, 327 F.2d 641, 642 (9th Cir.1964) (no possession where no evidence linked defendant to marijuana found in room regularly used by defendant); see also United States v. Jose Luis L., No. 92-10030, slip op. at 12970-72 (9th Cir. Oct. 30, 1992) (no evidence juvenile participated in marijuana smuggling merely because his footprints were found at a marijuana cache and he accompanied two companions across the border illegally).
 
 
 44
 The following question and answer typifies the government's case:
 
 
 45
 Quoting page 164, line 23, through page 165, line 4:
 
 
 46
 Q (to Agent Curl) Other than the fact that these people knew each other, prior to February 12th, that Rene's name appeared on one of the rental forms, the fact that Rene and Kari were present when this stop was made, did any of the principals involved make any statements implicating either one of these two teenage girls?
 
 
 47
 A No.
 
 
 48
 I would reverse Rene's conviction.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3